IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANA BOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ABUNDANT HOME HEALTH, LLC, ) | |
| JAMES L. SANTIAGO, ) | |
| LAILANI MENDOZA, ) | |
| ) | |
| Defendants. ) | Civil Action No. 3:16-CV-1314-C |

## ORDER

Before the Court is Plaintiff's Application for Award of Attorney's Fees, Costs and Expenses. Having considered the Motion, the Parties' briefing, and the factors as annunciated in *Johnson*,[1] the Court finds that Plaintiff's Application for Award of Attorney's Fees, Costs and Expenses should be **GRANTED IN PART** and **DENIED IN PART**.

Accordingly, the Court hereby **ORDERS** that Plaintiff be **AWARDED** an amount of $124,239.50 for all reasonable and necessary legal fees incurred in this civil action. Plaintiff is further **AWARDED** an amount of $10,322.38 for all necessary costs incurred. The Court finds

---

[1] In determining the lodestar, the Court is guided by *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The *Johnson* factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

these awards justified considering the amount in controversy and the Jury's ultimate finding as to the damages sustained.

More specifically, the Court finds counsels' request for fees and costs in the total amount of $255,929.38 to be unreasonable and disproportional in light of the jury's ultimate award in the amount of $29,989.44. Thus, and noting that this civil action does not present any novel or difficult issues and that counsel are well versed in the area of employment litigation, the Court finds that both Mr. Welmaker's and Mr. Bustos' hourly fee should be reduced down to $350.00 per hour.[2] The Court finds these hourly fees to be reasonable. And, for the reasons stated in Defendants' Response in Opposition, the Court declines to award appellate costs. Accordingly, the Court reduces the total number of hours billed by Mr. Welmaker to 283.25. The Court further reduces the total number of hours billed by Mr. Bustos to 57.7.

Accordingly, the Court finds that Mr. Welmaker should be awarded an amount of $99,137.50 in reasonable and necessary attorney's fees. Likewise, the Court finds that Mr. Bustos should be awarded an amount of $20,195.00 in reasonable and necessary attorney's fees. The Court further finds that Mr. Bustos' associate, paralegal, and law clerk fees to be reasonable. Accordingly, the Bustos law firm is further awarded an amount of $4,907.00. Finally, the Court notes that Defendant does not appear to object to the amount of costs requested—other than a conclusory argument in the conclusion section requesting that costs be denied. Thus, the Court further awards Plaintiff costs in the amount of $10,322.38.

---

[2] Although Defendants do not dispute the reasonableness of the hourly rates requested by Plaintiff's attorneys, "trial courts are considered experts as to the reasonableness of attorney's fees[.]" *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

Therefore, the Court **ORDERS** that Plaintiff's Application for Award of Attorney's Fees, Costs and Expenses be **GRANTED IN PART** and **DENIED IN PART**. Accordingly, Plaintiff is awarded attorneys' fees in the total amount of $124,239.50. Plaintiff is further awarded costs in the amount of $10,322.38.

SO ORDERED.

Dated August 16, 2021.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE